IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

MOSES CARTER, JR., #59721            *

    Petitioner,                              *

    v.                                             *            1:08-CV-1005-MEF
                                                                        (WO)
THE ATTORNEY GENERAL OF THE   *
STATE OF ALABAMA, *et al*.,
                                                  *
    Respondents.
_____

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Moses Carter, an inmate incarcerated in the Houston County Jail, on December 17, 2008. In the petition, Petitioner challenges his May 6, 2008 conviction for unlawful possession or receipt of a controlled substance imposed upon him by the Circuit Court for Houston County, Alabama. In their answer filed with this court on February 10, 2009, Respondents assert that Petitioner has failed to exhaust state remedies with respect to the claims now pending before this court. Specifically, Respondents maintain that Petitioner's direct appeal remains pending before the Alabama Court of Criminal Appeals. (*Doc. No. 12, Exhs. 1, 2.*)

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." 28

U.S.C. § 2254(1)(b)(1)(A). Upon review of the pleadings filed in this case, it appears that Petitioner has not yet exhausted his available state court remedies with respect to each of the claims presented in his petition for habeas corpus relief. This court does not deem it appropriate to rule on the merits of Petitioner's claims without first requiring that he exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Moreover, it does not appear that a stay of this case is warranted pending the outcome of Petitioner's state court proceedings as there is nothing before this court which indicates that good cause exists for his failure to exhaust his claims first in state court. *See Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005). Accordingly, it is

ORDERED that on or before February 26, 2009 Petitioner shall show cause why his petition should not be dismissed for failure to exhaust state remedies.

Done, this 11th day of February 2009.

    /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE