IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

MOSES CARTER, JR., #59721               *

    Petitioner,                              *

    v.                                       *        1:08-CV-1005-MEF
                                                            (WO)
THE ATTORNEY GENERAL OF THE             *
STATE OF ALABAMA, *et al.*,
                                         *
    Respondents.

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Moses Carter, an inmate incarcerated in the Houston County Jail, on December 17, 2008. In the petition, Petitioner challenges his May 6, 2008 conviction for unlawful possession or receipt of a controlled substance imposed upon him by the Circuit Court for Houston County, Alabama. In their answer filed with this court on February 10, 2009, Respondents assert that Petitioner has failed to exhaust state remedies with respect to the claims now pending before this court. Specifically, Respondents maintain that Petitioner's direct appeal remains pending before the Alabama Court of Criminal Appeals. (*Doc. No. 12, Exhs. 1, 2.*)

Upon review of Respondents' answer, the court entered an order affording Petitioner an opportunity to demonstrate why his petition should not be dismissed for failure to

exhaust state remedies. (*Doc. No. 14.*) The requisite time to respond has passed and Petitioner has filed no response.

## I. DISCUSSION

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." 28 U.S.C. § 2254(1)(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 225©. The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples,* 489 U.S. 346, 349 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy,* 455 U.S. 509, 518 (1982).

> Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

*Id.* (brackets, internal quotation marks, and citations omitted).

The unrefuted evidence before the court reflects that Petition has not yet exhausted

his available state court remedies with respect to the claims presented in the instant petition for habeas corpus relief.  This court does not deem it appropriate to rule on the merits of Petitioner's claims without first requiring that he exhaust available state remedies.  28 U.S.C. § 2254(1)(b)(2).  Moreover, it does not appear that a stay of this case is warranted pending the outcome of the state court proceeding as there is nothing before this court which indicates the requisite "good cause for Petitioner's failure to exhaust his claims first in state court."  *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

In light of the foregoing, the Magistrate Judge concludes that Petitioner's application for habeas corpus relief should be dismissed without prejudice so that he may pursue those state court remedies available to him.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Moses Carter, Jr., be DISMISSED without prejudice to afford Petitioner an opportunity to exhaust all available state court remedies.

It is further

ORDERED that on or before **March 26, 2009** the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 13th day of March 2009.

      /s/ Wallace Capel, Jr.
      WALLACE CAPEL, JR.
      UNITED STATES MAGISTRATE JUDGE